

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# Brophy v. Phila Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3520

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brophy v. Phila Pol Dept" (2005). *2005 Decisions.* Paper 803.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/803

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3520

WILLIAM J. BROPHY,
                                        Appellant
                            v.

CITY OF PHILADELPHIA POLICE DEPARTMENT;
CITY OF PHILADELPHIA,

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-cv-04139)
District Judge:   Honorable Norma L. Shapiro

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2005

Before:   SLOVITER, McKEE and WEIS, Circuit Judges.

(Filed:    July 20, 2005)
_____

OPINION

_____

WEIS, Circuit Judge.

In the year 2000, at age 73, the plaintiff applied for employment as a police

officer for the City of Philadelphia but did not successfully complete the training

1

program.  He had previously been a police officer for the City, but left his position in 1953.  In the years following his departure from the Philadelphia Police Department, plaintiff worked in various law enforcement capacities.

After he had filed an age discrimination complaint against the City with the EEOC in 2001, plaintiff was admitted to the Philadelphia Police Academy for a ten-month training period.  He did not pass the required low-level light firearms test nor did he complete the running test in the prescribed time.  As a consequence, he did not graduate from the Academy and was not hired as a police officer.

Plaintiff filed suit in the District Court alleging violation of the ADEA, 29 U.S.C. § 626(b), and the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951-963.  The District Court granted summary judgment in favor of the defendants and denied plaintiff's motion for reconsideration.

In this appeal, plaintiff contends that the District Court erred in:

1. Granting summary judgment on "pre-academy" claims, the subject of the plaintiff's first EEOC complaint.

2. Failing to fault the City for not granting a waiver of training.

3. Failing to acknowledge that plaintiff was discriminatorily discharged from the Academy.

4. Granting summary judgment under the PHRA despite a pretrial severance.

5. Granting summary judgment in the claims of harassment and retaliation.

6.       Failing to address plaintiff's motions under Fed. R. Civ. P. 56(f).

We have carefully reviewed each of the plaintiff's contentions and find that the claims lack merit. The District Court did not err in granting summary judgment in favor of the defendants or in denying the plaintiff's motion for reconsideration. We agree with the result stated in the District Court's thorough opinion.

Accordingly, the judgment of the District Court will be affirmed.